## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LASHANDRA BLAND, individually and as parent and natural guardian of J.C., a minor, and CHRISTIANIA COOK, | No. 4:22-CV-01844 |
| | (Chief Judge Brann) |
| Plaintiffs, | |
| v. | |
| ROBERT CRISWELL, | |
| Defendant. | |

### MEMORANDUM OPINION

### SEPTEMBER 1, 2023

## I.    BACKGROUND

This matter arises out of a motor vehicle accident involving Plaintiffs Lashandra Bland, J.C., and Christiania Cook, and Defendant Robert Criswell.[1] On December 23, 2020, Bland, with J.C. and Cook as passengers, was driving southbound on Route 11 in Monroe Township, Pennsylvania. At the same time, Criswell was driving eastbound on County Line Road. As the two roads intersected, so did Bland's and Criswell's vehicles.

Plaintiffs, residents of Maryland, brought this action on November 16, 2022, seeking damages resulting from the accident, alleging that the accident was caused

---

[1]    Compl., Doc. 1 ¶¶ 7-11; Ans. Doc. 5 ¶¶ 7-11.

by Criswell's negligence.[2] Criswell Answered the Complaint on December 7, 2022, including a Crossclaim alleging that, to the extent that Plaintiffs are entitled to damages, Bland is either (1) alone liable to J.C. and Cook, (2) jointly and severally liable to J.C. and Cook, and/or (3) liable to Criswell for contribution and/or indemnity.[3] Bland has Answered and moved for a judgment on the pleadings of Criswell's Crossclaim, arguing that the Crossclaim is procedurally improper and not ripe.[4] Criswell has filed an opposition.[5] Bland's motion is now ripe for disposition.

## II.   ANALYSIS

Bland moves for a judgment on the pleadings on two grounds: (1) she and Criswell are opposing parties, not co-parties, therefore a crossclaim—rather than a counterclaim—is procedurally improper; and (2) claims for indemnity and contribution are not matured claims as contemplated under Rule 13.[6] In opposition, Criswell argues that his crossclaim is procedurally proper, but concedes that his claim for contribution is not ripe.[7] However, Criswell maintains that Bland should not be dismissed as a cross-defendant because his crossclaim remains procedurally proper and his crossclaim "is more than just a claim for contribution or indemnity."[8]

---

[2]  *See generally* Compl.
[3]  Ans. ¶¶ 35-36.
[4]  Crosscl. Ans., Doc. 7; Bland Mot. for J. on the Pleadings, Doc. 14; Bland Br., Doc. 15.
[5]  Criswell Opp., Doc. 16.
[6]  *See* Bland Br. Section IV.
[7]  *See* Criswell Opp. Section IV.
[8]  *Id.* at 3-4.

Though Bland is correct that Criswell's crossclaim is procedurally improper—a crossclaim cannot be filed against an adverse party[9]—that is not sufficient grounds to grant judgment on the pleadings.[10] Nor is her argument that Criswell's claim is unripe; "[a] motion to dismiss for lack of ripeness is properly brought pursuant to Federal Rule of Civil Procedure 12(b)(1) because ripeness is a jurisdictional matter."[11] The Court cannot issue a judgment on a claim that is not within its jurisdiction, therefore it will evaluate Bland's motion as one for lack of jurisdiction.

Leaving aside the procedural defects of Criswell's crossclaim and Bland's motion, the Court finds that Criswell's counterclaim is unripe and dismisses it in its entirety. Criswell argues that his pleading makes it clear "that he intends to hold Bland solely and/or jointly and severally liable to Plaintiffs J.C. and Christiania Cook *in the event a verdict is rendered in Plaintiffs' favor*."[12] Just as Criswell concedes regarding his claim for contribution, this claim is not ripe unless Plaintiffs secure a verdict against Criswell.[13] Further, if J.C.'s and Cook's "injuries were

---

[9]   *See* Fed. R. Civ. P. 13(g) ("A pleading may state as a crossclaim any claim by one party *against a coparty* . . . ") (emphasis added).

[10]  *See* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."); 6 Wright & Miller, *Federal Practice and Procedure*, § 1407 (3d ed. 2023) (courts ignore nomenclature and treat a claim as if it had been properly labeled).

[11]  *Kyle-Labell v. Selective Svc. Sys.*, 364 F. Supp. 3d 394, 401 (D.N.J. 2019) (citing *NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 341 (3d Cir. 2001); *Suitum v. Tahoe Reg'l Planning Agcy.*, 520 U.S. 725, 734 (1997)).

[12]  Criswell Opp. at 3 (emphasis added).

[13]  *Cf. id.* at 4. *See also In re Paone*, 401 B.R. 151, 152 (Bankr. M.D. Pa. 2009) (claim for contribution "arises no earlier than the point in time when [defendant] is deemed liable")

caused solely by the negligence of [Bland], [Criswell] would have a complete defense to the action in the first instance."[14] On the other hand, a verdict against Criswell would mean that he was found to be at least partially liable to Plaintiffs.[15] To the extent that Criswell's claim against Brand can be read as an affirmative defense that Bland was contributorily negligent,[16] it is duplicative of Criswell's Third Affirmative Defense.[17]

The dismissal of Criswell's crossclaim is without prejudice to his right to either seek to sever Plaintiffs' claims and join individual Plaintiffs as a third-party defendant,[18] or to bring a claim for contribution against any individual Plaintiff in the event Plaintiffs secure a favorable verdict.[19] Criswell cannot, however, seek to add Bland as a third-party defendant to this action.[20]

---

[14]  (citing *Hileman v. Morelli*, 605 A.2d 377, 382 (Pa. Super. 1992)); *Kendra v. Clark Equip. Co.*, 1986 WL 814, at *2 (E.D. Pa. Jan. 15, 1986) (holding that a counterclaim for contribution cannot be asserted against a co-plaintiff where that claim is not a matured claim under Rule 13) (citing *Stahl v. Ohio River Co.*, 424 F.2d 52, 55 (3d Cir. 1970))

[14]  *Dennis v. Walker*, 284 F. Supp. 413, 415 n.1 (D.D.C. 1968).

[15]  *Cf. Daniel v. William R. Drach Co., Inc.*, 849 A.2d 1265, 1273 (Pa. Super. 2004) (observing that, where a jury entered a verdict in favor of defendant, it must have found that defendant's negligence did not produce the harm).

[16]  *See* Fed. R. Civ. P. 8(c)(2) (requiring courts to treat affirmative defenses mistakenly designated as counterclaims as if they were correctly designated).

[17]  *See* Ans. and Countercl. at 6 (citing 42 Pa. C.S. § 7102).

[18]  *Haschak v. Nat'l R.R. Passenger Corp.*, 1999 WL 98570, at *1-2 (E.D. Pa. Feb. 26, 1999). The Court notes that it would retain jurisdiction over the severed claims, despite the lack of diversity between Bland as a third-party defendant and the other Plaintiffs. *Green Tree Servicing, LLC v. Cargille*, 2019 WL 6139001, at *5 (D.N.J. Nov. 19, 2019) (collecting cases).

[19]  *Kilbride Investments Ltd. v. Cushman & Wakefield of Pennsylvania, Inc.*, 2019 WL 3713878, at *6 (E.D. Pa. Aug. 6, 2019) (citing *Koppers Co. v. Aetna Cas. & Sur. Co.*, 98 F.3d 1440, 1453 n.14 (3d Cir. 1996)).

[20]  *See In re Doresca*, 2023 WL 3484639, at *3 (Bankr. E.D.N.Y. May 16, 2023) (collecting cases observing that a party cannot be both a plaintiff and a defendant in the same suit). *Cf.* Criswell Opp. at 4 (arguing that Bland should not be dismissed as a cross-defendant).

## III.    CONCLUSION

For the foregoing reasons, the Court **DISMISSES** Defendant Criswell's

crossclaim without prejudice.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge